UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN PRIOR,

    Plaintiff,

v.

ROCHESTER TIRE & SERVICE, INC.,
a Michigan corporation

    Defendants.

Case No:

Hon.

---

SCOTT P. BATEY (P54711)
Batey Law Firm, PLLC
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, MI  48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

---

## **COMPLAINT AND JURY DEMAND**

NOW COMES, Plaintiff, John Prior (hereinafter "Prior"), by and through his attorney's Scott P. Batey and the Batey Law Firm, PLLC, and for his Complaint against Defendant states as follows:

1.    Plaintiff, John Prioris a resident of the City of Davison, County of Genesee and State of Michigan.

2.    Defendant, Rochester Tire & Service, Inc. ("Rochester Tire") is a

1

Michigan corporation, whose Resident Agent is Kenneth Kania, Resident Address is located at 526 N. Main St., Rochester, Michigan 48063 and whose principal place of business is located at 510 N. Main St., Rochester, Michigan 48063 and is duly authorized to do business in the County of Oakland and State of Michigan.

3. Jurisdiction and venue are proper in the District Court for the Eastern District of Michigan pursuant to 28 U.S.C. § 1391(b) & (c).

4. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, and jurisdiction and venue is otherwise proper in this Court.

5. Plaintiff brings this action for damages arising out of the acts and/or omissions of Defendants constituting unlawful discrimination/harassment due to Plaintiff's disability and in violation of the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq.* and the Americans with Disabilities Act ("ADA"), which resulted in emotional and economic damages to Plaintiff.

## GENERAL ALLEGATIONS

6. Plaintiff incorporates by reference paragraphs 1 through 14 of the Complaint as though fully set forth herein.

7. Plaintiff, John Prioris a 45year-old male who began his employment with Defendant, Rochester Tire in June 1993 as a salesperson and was promoted to Manager six months later where he remained employed until his wrongful termination on August 15, 2019.

8. In March 2019 Plaintiff was admitted to Crittenton Hospital in Rochester Michigan for swelling and discoloration of his feet and legs.

9. Plaintiff was admitted into the hospital out of fear the swelling and discoloration were related to a heart condition.

10. Plaintiff was discharged from Crittenton Hospital four to five days later without the hospital finding a cause for Plaintiff's symptoms.

11. In April 2019 Plaintiff was admitted to Beaumont Hospital in Troy, Michigan for continued swelling and discoloration of his feet and legs.

12. Plaintiff was again admitted into the hospital out of fear the swelling and discoloration were related to a heart condition.

13. At Beaumont hospital the doctors and staff ran Plaintiff through a battery of tests to determine whether Plaintiff suffered from a heart condition.

14. Plaintiff was discharged from Beaumont Hospital four to five days later without the hospital finding a cause for Plaintiff's symptoms.

15. Following Plaintiff's hospital stays his immediate supervisor Ken Kania began harassing Plaintiff regarding Plaintiff's disability or perceived disability by telling Plaintiff "we can't keep going on like this."

16. Plaintiff assured Mr. Kania that he did not need to worry and the only reason he went to the hospital was his family's concern that he had a heart problem.

17. Mr. Kania continued to harass Plaintiff regarding his disability or

perceived disability by telling him "I need to know you're going to here."

18. Plaintiff began cancelling appointments with doctors to demonstrate to Defendant that he was healthy, not disabled and was not going to miss work.

19. As Mr. Kania continued to harass Plaintiff regarding his disability or perceived disability, Plaintiff guaranteed that he would not miss anymore time due to his regarding his disability or perceived disability.

20. Mr. Kania dismissed Plaintiff's promise and questioned Plaintiff how he could guarantee he would not experience anymore symptoms.

21. On August 12, 2019 out of the blue and without warning Plaintiff received a text from Mr. Kania explaining he and Mr. Leonard Jansen, his business partner would accept Plaintiff's resignation.

22. Plaintiff responded to the text that he was not resigning or retiring and that he should have seen that Defendant was trying to push him out of the business over the last couple of months.

23. On or about August 15, 2019 Mr. Jansen told Plaintiff its had been a good 26 years, but they were going in a different direction.

24. At all times relevant Plaintiff was an exemplary employee who never received any significant discipline in his 26 years of employment with Defendant.

25. Plaintiff's symptoms were regarded by Defendant as a disability and qualified as a disability that substantially interferes with major life activities covered

by the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq.* and the ADA, including, but not limited to:

    a. Standing; and

    b. Walking;

26. During the time period in question, Defendant, Rochester Tire was Plaintiff's employer and Plaintiff was its employee within the meaning of the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq.*, and the ADA

27. Moreover, Defendant, Rochester Tire is responsible for all acts committed by their agents, representatives and employees, who were at all times acting under within the scope of their employment.

28. Defendant, through itd agents, representatives and employees, were predisposed to harass and discriminate against Plaintiff on the basis of his disability and/or perceived disability, and acted in accordance with that predisposition.

29. Defendants' actions were intentional, or were carried out with reckless indifference to Plaintiff's rights and sensibilities.

30. Plaintiff has also sustained damages due to Defendant's violations of the violate the ADA and has filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC").

31. Defendant's customs, policies and procedures that disabled workers or

employees Defendant regarded as disabled, including Plaintiff are to be terminated due to their disability are clearly in violation of the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq.*, ADA and have been committed an especially malicious or reckless act of discrimination that Plaintiff is entitled to punitive damages under the ADA.

32. On or about September 26, 2020 Plaintiff filed a Charge of Discrimination that Defendant terminated him due to his disability in violation of the ADA.

33. On or about August 7, 2020 the EEOC issued a Right to Sue letter to Plaintiff allowing him to pursue his ADA claims in this Court.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990

34. Plaintiff incorporates by reference paragraphs 1 through 34 of the Complaint as though fully set forth herein.

35. At all times relevant Plaintiff suffered from symptoms which substantially interfered with major life activities and which Defendants regarded to substantially interfere with major life activities and be a disability under The Americans with Disabilities Act of 1990 ("ADA").

36. Defendants perceived and regarded Plaintiff as being a person with a disability because, among other things, Plaintiff suffered from PTSD which

6

substantially interfered with major life activities and included episodes of flashbacks, nightmares, difficulty sleeping, frightening thoughts, avoidance of people, places, or thoughts, emotional numbness, being easily startled, feeling tense and angry outbursts which have been under control since mid-2018.

37. Pursuant to the ADA, Plaintiff is guaranteed the right to be free from discriminatory treatment and/or discharge from his employment by his employer and/or supervisors based upon his disability.

38. Plaintiff's disability and/or being regarded as having a disability was a factor in Defendant's employment decisions, including, termination.

39. Defendants is an employer within the meaning of the ADA.

40. Plaintiff has been subjected to discriminatory and retaliatory treatment based upon his disability, his perceived or regarded disability, and request for an accommodation, by Defendants, its employees and agents to the point where his status as an employee has been detrimentally affected and he was terminated by Defendants.

452Plaintiff is entitled to exemplary, compensatory and punitive damages pursuant to the ADA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

41. Defendants and its agents, employees and representatives, breached and violated their duty to Plaintiff by reason of the following acts and/or omissions:

7

      a.    Violating the laws against discrimination by failing to provide Plaintiff with a reasonable accommodation for his disability; and

      b.    Violating the laws against discrimination by terminating Plaintiff based exclusively upon his disability.

42.    Defendants breached and violated their duties owed to Plaintiff, by reason of the following acts and/or omissions:

    a. Failing to screen and place in supervisory positions, persons who would be capable of being competent and law abiding supervisors, and with particular reference to enforcing laws against discrimination in the workplace;

    b. Giving supervisory authority to persons who were known to have propensities as would make them unfit to serve in the capacity of supervisor over disabled employees;

    c. Failing to properly educate and train its employees and supervisors, particularly with reference to the unlawfulness of discrimination in the workplace;

    d. Failing to properly warn or advise its employees and supervising personnel to refrain from discriminating against employees; and

43.    Terminating Plaintiff due to his disability or perceived disability.

44.    As a direct and proximate result of the actions of Defendants, Plaintiff was the subject of discriminatory conduct on the part of Defendants, and its agents and employees.

45.    Because of the unlawful conduct of Defendants, and its agents and employees, and as a direct and proximate cause of such conduct, Plaintiff has suffered damages including embarrassment, outrage, mental anguish and anxiety,

emotional distress, loss of self-esteem, loss of earnings and other employment benefits, and a loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendants in an amount in excess of $75,000.00, plus punitive/exemplary damages, together with costs, interest, attorney fees and any other relief this Honorable Court deems appropriate

## COUNT II
## VIOLATION OF THE MICHIGAN PERSONS WITH DISABILITIES ACT, MCLA §37.1101, *ET SEQ.*

46. Plaintiff incorporates by reference Paragraphs 1 through 46 above as though more fully set forth herein.

47. Plaintiff suffers from symptoms which qualifies as a disability under the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq.* (PWDCRA.

48. Pursuant to the Michigan Persons with Disabilities Civil Rights Act MCLA §37.1101, *et seq.*, Plaintiff is guaranteed the right to be free from discriminatory treatment and/or discharge from his employment by his employer and/or supervisors based upon his disability.

49. Plaintiff's disability was a factor in Defendants employment decisions, including, but not limited to refusing to accommodate him.

50. Defendants is an employer within the meaning of the PWDCRA and Plaintiff has been subjected to repeated and continuous discriminatory treatment based upon his disability by Defendants, its employees and agents to the point where his status as an employee has been detrimentally affected and he was refused to be reasonably accommodated by Defendants.

51. Plaintiff is entitled to exemplary, compensatory and punitive damages pursuant to the ADA as a result of each and every violation of the act, including costs and reasonable attorney's fees.

52. Defendants and its agents, employees and representatives, by reason of the following acts and/or omissions:

    a. Violating the laws against discrimination by refusing to accommodate Plaintiff;

    b. Failing to refrain from creating a hostile work environment based on Plaintiff's disability;

    c. Failing to take serious and corrective action when informed by Plaintiff that the conduct towards her was unlawful; and

    d. Preventing Plaintiff from having full and fair opportunities to her employment based upon her disability.

53. Defendants owed Plaintiff as a disabled employee, a duty to adequately advise their employees to refrain from discriminating against employees.

54. As a direct and proximate result of Defendants' harassment and discrimination of Plaintiff solely on the basis that she had a disability or was perceived by Defendants to be a person with a disability Plaintiff has sustained injuries including, but not limited to:

  a. Economic damages;

  b. Mental anguish;

  c. Fright;

  d. Shock;

  e. Embarrassment;

  f. Outrage;

  g. Anxiety;

  h. Emotional distress;

  i. Loss of self-esteem; and

  j. Loss of capacity for the enjoyment of life.

WHEREFORE, Plaintiff respectfully requests judgment in his favor and against Defendants in an amount in excess of $75,000.00, plus exemplary damages, together with costs, interest and attorney fees and any other relief this Honorable Court deems appropriate.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

Dated: August 10, 2020

## DEMAND FOR JURY TRIAL

NOW COMES Plaintiff, John Prior, by and through his attorneys, Scott P. Batey and the Batey Law Firm, PLLC, and hereby demands a trial by jury on all issues allowed by law.

Respectfully submitted,

**BATEY LAW FIRM, PLLC**

By: /s/Scott P. Batey
SCOTT P. BATEY (P54711)
Attorney for Plaintiff
30200 Telegraph Road, Suite 400
Bingham Farms, Michigan 48025
(248) 540-6800-telephone
(248) 540-6814-fax
sbatey@bateylaw.com

Dated: August 10, 2020